LORENZO C. GILSON & another *vs.* JAMES I. EMERY.
WILLIAM H. DAVIS *vs.* ASA MILLET.

The provision of the *St.* of 1851, *c.* 343, § 3, that unless a suit to enforce a mechanic's lien is brought within seventy days, the lien is dissolved, is not repealed by *St.* 1855, *c.* 431, and extends to liens under that statute.

PETITIONS filed in the court of common pleas in Plymouth to enforce mechanics' liens for work done and materials furnished and used on houses of the respondents. That court dismissed the petitions, because not brought within seventy days after the work had been performed and the materials furnished, and the petitioners appealed.

*P. Simmons & B. Sanford,* for the petitioners.

*B. W. Harris & A. Wellington,* for the respondents.

BIGELOW, J. These petitions were commenced too late. The provision in *St.* 1851, *c.* 343, § 3, which enacts that, unless a suit for enforcing a lien is brought within seventy days after the time when the labor is performed, the lien shall be dissolved, is not repealed by *St.* 1855, *c.* 431. The latter statute does not revise the whole subject embraced in previous statutes. Its provisions are confined to matters comprehended in §§ 1, 2, 4 of *St.* 1851, *c.* 343, and § 1 of *St.* 1852, *c.* 307. It contains no new enactment concerning the time within which a suit for enforcing a lien is to be brought, nor any clause inconsistent with the previous provision on that subject. There is therefore no repeal by implication, and the repealing clause is limited to acts and parts of acts inconsistent with the provisions of *St.* 1855, *c.* 431. Indeed, the highly salutary enactment, fixing a limit to the right · of a party to enforce his lien, and thereby preventing him from holding a claim over real estate for an indefinite period, is a necessary and essential feature in the system of laws creating mechanics' liens, which it could not have been the intention of the legislature to repeal, leaving no limitation on the right to enforce such liens, other than that which might be derived from the general statute of limitations of actions.

To the suggestion that the provision in previous statutes which are not repealed expressly or by implication cannot be held to apply to liens arising under *St.* 1855, *c.* 431, because it extends the right of lien to other matters than those embraced in prior statutes, the answer is twofold. In the first place, the claims in these cases are for labor and materials furnished by the petitioners, for which they would have had a right of lien under *St.* 1852, *c.* 307, and not a lien which was for the first time created by *St.* 1855, *c.* 431. But the better answer is, that these successive statutes, securing to mechanics and laborers liens for their labor and materials furnished, are all *in pari materia*, and are to be construed together as forming one entire system, in which prior enactments, so far as they are consistent and necessary to the proper operation and enforcement of the liens intended to be secured by the statutes, are to be held to apply to all subsequent provisions on the same subject. *Goddard* v. *Boston*, 20 Pick. 410. *Petitions dismissed.** 

* Similar decisions were made at Boston in January 1859, in the case of GILMAN COLSON *vs.* EDWARD A. VOSE & another, in Middlesex, argued *ex parte* by *W. L. Burt*, for the petitioner; and in the case of JOHN P. CLAPP *vs.* LOUIS FRAHM & another, in Norfolk, argued by *A. C. Clark*, for the petitioner, and *H. W. Muzzey*, for the respondents.